UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAHL, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00852-JLT (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**<br><br>(Doc. 6) |

Plaintiff filed a motion to amend the complaint as a matter of course under Federal Rule of Civil Procedure 15(a) or as a supplemental pleading under Rule 15(d). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Upon consideration of the motion and review of the Amended Complaint, the Court **GRANTS** the Plaintiff's motion to amend the complaint. (Doc. 6.) Plaintiff's first amended complaint is deemed the operative complaint for screening. (*See* Doc. 7.)

This Court notes that Plaintiff has more than three "strikes" under 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). In particular, the Court takes judicial notice of four of Plaintiff's prior lawsuits that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim: (1) *Adams v. Gottlieb*, Case No. 2:09-cv-03027-UA-PJW (C.D. Cal.) (dismissed on May 12, 2009 as legally and/or factually patently frivolous and as barred under *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)); (2) *Adams v. Small*, Case No. 3:10-cv-01211-MMA-POR (S.D. Cal.) (dismissed on Jan. 31, 2012, for failure to state a claim); (3) *Adams v. Raske*, Case No. 3:11-cv-00243-WQH-JMA (S.D. Cal.) (dismissed on August 13, 2013, for frivolity and failure to state a claim); and (4) *Adams v. Roe*, Case No. 5:14-cv-00607-SJO-PJW (dismissed on November 2, 2016, for failure to state a claim). Each of these cases was dismissed prior to the commencement of the current action on June 22, 2020. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052–53 (9th Cir. 2007).

Upon review of Plaintiff's first amended complaint, (Doc. 7), the Court finds that Plaintiff's allegations satisfy imminent danger exception. According to Plaintiff, Defendants subject him to intimidation, retaliation, and ongoing threats of violence. Plaintiff's allegations, if true, are sufficient to allow Plaintiff to proceed *in forma pauperis* in this action as previously ordered. (*See* Doc. 8.)

IT IS SO ORDERED.

Dated:   **April 22, 2021**          _/s/ Jennifer L. Thurston_
                                      CHIEF UNITED STATES MAGISTRATE JUDGE