UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS,<br><br>            Plaintiff,<br><br>   v.<br><br>DAHL, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00852-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME** (Doc. 24)**; GRANTING DEFENDANTS'S EX PARTE APPLICATION FOR EXTENSION OF TIME** (Doc. 28)**; DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>**NOVEMBER 22, 2021, DEADLINE** |

On August 5, 2021, Defendants filed an *ex parte* application for an extension of time to respond to the complaint due to the "press of other business." (Doc. 16.) Pursuant to Local Rule 144(c), the declaration of counsel stated that "a stipulation between the parties cannot be reasonably obtained because Plaintiff is presently incarcerated and cannot be easily contacted about an extension of time." (*Id.*) Upon a finding of good cause, the Court granted Defendants a sixty-day extension of time under Rule 6(b) of the Federal Rules of Civil Procedure. (Doc. 17.)

Pursuant to Rule 60(b), Plaintiff has filed a motion to vacate the Court's order granting the extension of time. (*See* Doc. 24.) Plaintiff contends that the order is void because it was based on fraudulent statements made with an improper motive by counsel for the Defendants. (*Id.*)

///

"Motions for relief under . . . Rule 60(b) are addressed to the sound discretion of the trial court." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986) (citing *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir. 1971)). Additionally, the district court has broad discretion to control its docket, including ruling on requests for extensions of time. *See Williams v. Kalisher*, 718 F. App'x 561 (9th Cir. 2018) (citing *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001)).

Moreover, Rule 6(b), governing extensions of time, must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010).

Given these standards, the Court exercised its discretion to grant Defendants an extension of time. Accordingly, the Court **DENIES** Plaintiff's Rule 60(b) motion to vacate or set aside its Order of August 6, 2021. (Doc. 24.) For the same reasons, the Court **GRANTS** Defendants' *ex parte* application for a forty-five-day extension of time to respond to the complaint on or before November 22, 2021. (Doc. 28.) The Court further orders Defendants to respond to Plaintiff's emergency application for temporary restraining order on or before November 22, 2021. (Doc. 26.)

IT IS SO ORDERED.

Dated:   **November 2, 2021**         _____ **/s/ Jennifer L. Thurston**
                                                   CHIEF UNITED STATES MAGISTRATE JUDGE

2