UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS,<br><br>            Plaintiff,<br><br>      v.<br><br>DAHL, *et al.*,<br><br>            Defendants. | Case No. 1:20-cv-00852-JLT-CDB (PC)<br><br>ORDER REFERRING CASE TO POST-SCREENING ADR AND STAYING CASE FOR 90 DAYS<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

Plaintiff Paul Adams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. As set forth in its screening order, the Court found that Plaintiff states at least one cognizable claim for relief. (Doc. 10.) On January 31, 2023, Defendant filed an answer to Plaintiff's first amended complaint. (Doc. 48.)

The Court refers all civil rights cases filed by *pro se* inmates to Alternative Dispute Resolution ("ADR") to attempt to resolve such cases more expeditiously and less expensively. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR. No claims, defenses, or objections are waived by the parties' participation.

The Court, therefore, STAYS this action for 90 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference. The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference. However, if, after investigating Plaintiff's claims and meeting and

conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is HEREBY ORDERED:

1. This action is STAYED for 90 days to allow the parties an opportunity to settle their dispute before the discovery process begins.  No pleadings or motions may be filed in this case during the stay.  The parties shall not engage in formal discovery, but they may engage in informal discovery to prepare for the settlement conference.

2. **Within 45 days** from the date of this order, the parties SHALL file the attached notice, indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time.

3. **Within 60 days** from the date of this order, the assigned Deputy Attorney General SHALL contact the undersigned's Courtroom Deputy Clerk at shall@caed.uscourts.gov to schedule the settlement conference.

4. If the parties reach a settlement during the stay of this action, they SHALL file a Notice of Settlement as required by Local Rule 160.

5. The Clerk of the Court SHALL serve via email copies of Plaintiff's first amended complaint (Doc. 7), the Court's screening order (Doc. 10), and this order to Supervising Deputy Attorney General Lawrence Bragg, and a copy of this order to ADR Coordinator Sujean Park.

6. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action.  Changes of address must be reported promptly in a Notice of Change of Address.  *See* L.R. 182(f).

IT IS SO ORDERED.

Dated:   **February 1, 2023**                              _____
                                                           UNITED STATES MAGISTRATE JUDGE

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS,<br><br>            Plaintiff,<br><br>       v.<br><br>DAHL, *et al.*,<br><br>            Defendants. | Case No. 1:20-cv-00852-JLT-CDB (PC)<br><br>**NOTICE REGARDING EARLY SETTLEMENT CONFERENCE** |

1. The party or counsel agrees that an early settlement conference would be productive and wishes to engage in an early settlement conference.

    Yes \_\_\_\_          No \_\_\_\_

2. Plaintiff (check one):

    \_\_\_\_\_ would like to participate in the settlement conference in person.

    \_\_\_\_\_ would like to participate in the settlement conference by telephone or video conference.

Dated:

_____
Plaintiff or Counsel for Defendant