UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS,<br><br>              Plaintiff,<br><br>       v.<br><br>DAHL, *et al.*,<br><br>              Defendants. | Case No. 1:20-cv-00852-JLT-CDB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO VACATE DISCOVERY AND SCHEDULING ORDER AND STAYING CASE<br><br>(Docs. 58)<br><br>ORDER REQUIRING PLAINTIFF TO FILE RESPONSE TO MOTION TO COMPEL<br><br>(Doc. 57)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Paul Adams is a parolee proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. This action proceeds on First and Eighth Amendment claims raised against Defendants Dahl, Rios, and Kendrick in Plaintiff's first amended complaint. (*See* Docs. 7, 10, 11.)

**I.   BACKGROUND**

On February 23, 2023, the Court entered a discovery and scheduling order setting the exhaustion motion deadline for June 23, 2023. (Doc. 53.) The Court ordered the parties to respond to written discovery requests within 45 days after the request is served. (*Id.*) On motion

1  by Defendants, the Court modified the discovery and scheduling order and extended the
2  exhaustion motion deadline by 45 days (*e.g.*, to be filed by August 7, 2023). (Docs. 55, 56).

3  On April 19, 2023, Defendant Kendrick propounded on Plaintiff requests for production
4  under Rule 34 of the Federal Rules of Civil Procedure. (Alcheck Decl. Doc. 57-1.) Defendants
5  made a single request for all documents that support Plaintiff's assertion that he exhausted
6  available administrative remedies related to allegations in the complaint. (Doc. 57-2 at 4.) On
7  June 9, 2023, Defendants' counsel sent a letter to Plaintiff informing him that Defendants had
8  not received his responses to the discovery and extending his time to respond until June 30,
9  2023. (Doc. 57-1 at 2.) Plaintiff failed to respond to the requests for production. On July 19,
10 2023, Defendants filed a motion to compel Plaintiff to respond to the outstanding discovery.
11 (Doc. 57.) The motion to compel currently is pending and Plaintiff's response/opposition is not
12 due until after the deadline for Defendants to file any exhaustion motion.  *See* Local Rule 230(l).

13 **II.   DISCUSSION**

14 Pursuant to Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure, district courts must
15 enter scheduling orders to establish deadlines for joinder of parties, amending the pleadings,
16 discovery, and filing of motions. Fed. R. Civ. P. 16(b)(3)(A). Scheduling orders are intended to
17 alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610
18 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the
19 subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal.
20 1999).

21 The scheduling order "controls the course of the action unless the court modifies it." Fed.
22 R. Civ. P. 16(d). "A schedule may be modified only for good cause and with the judge's
23 consent." Fed. R. Civ. P. 16(b)(4). Under Rule 16(b)'s "good cause" standard, the inquiry
24 focuses on the moving party's diligence and the reasons for seeking modification. *Johnson*, 975
25 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and
26 the motion to modify should not be granted. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087
27 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

28 ///

1        Defendants argue: "The Court should temporarily stay discovery until it resolves
2   Defendant's pending motion for summary judgment [*sic*] . . . . The Court can issue a protective
3   order forbidding or limiting discovery . . . ." (Doc. 58 at 2.) Defendants urge the Court to apply a
4   two-part test used to "evaluat[e] the need for discovery while a potentially dispositive motion is
5   pending." (*Id.*) (citing *Lumber Co. v. Nat'l Union of Fire Ins. Co. of Pittsburg*, PA, 220 F.R.D.
6   349, 351–52 (N.D. Cal. 2003); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630
7   JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). First, the "pending motion must be
8   potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is
9   directed." *Pacific Lumber*, 220 F.R.D. at 352. Second, "the court must determine whether the
10  pending dispositive motion can be decided absent additional discovery." *Id*.  In *Lumber Co.* and
11  *Mlejnecky*, the pending motions were dispositive motions, and the defendants sought a stay of
12  discovery pending resolution of the motions.

13       Defendants further argue: "Defendant's pending motion to compel discovery, if granted,
14  could dispose of the entire case. . . . Specifically, if the Court grants Defendants' motion to
15  compel, and Plaintiff fails to comply, Defendants would be entitled to move for terminating
16  sanctions." (Doc. 58 at 3) (citing Doc. 57; Fed. R. Civ. P. 41(b)). In this manner, Defendants
17  attempt to characterize the pending motion to compel as a dispositive motion.

18       However, the docket reflects no pending dispositive motion, either based on non-
19  exhaustion of administrative remedies or on the merits. Defendants have only filed a discovery
20  motion—one seeking production of discovery rather than one seeking to prevent or limit it.
21  Defendants' hypothetical situation is based on a presumption that the Court will grant
22  Defendants' motion to compel, Plaintiff will fail to comply or produce evidence of exhaustion,
23  and the Court will grant any motion for summary judgment in Defendants' favor. The Court is
24  unwilling to make these inferences as a basis for staying the case.

25       Nonetheless, under the present posture of the case, the Court finds a stay appropriate to
26  allow the parties to complete exhaustion-related discovery. District courts have broad discretion
27  in deciding whether to stay a case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he
28  power to stay proceedings is incidental to the power inherent in every court to control the

3

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* In determining whether to enter a stay, the court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). Each of these facts weigh in favor of granting a stay until exhaustion-based issues and related, open discovery requests are resolved. Additionally, staying the case at this juncture would further the goal of efficiency for the court and litigants. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

## III. CONCLUSION

Accordingly, it is hereby ORDERED:

1. Defendants' motion to vacate the discovery and scheduling order (Doc. 58) is GRANTED;
2. The Discovery and Scheduling Order, as amended (Doc. 53, 56) is VACATED;
3. This action is STAYED pending further order of the Court;
4. **Within fourteen (14) days** from the date of service of this Order, Plaintiff shall file **one** of the following:
   a. Response to Defendants' motion to compel (Doc. 57);
   b. Notice of non-opposition to Defendants' motion to compel and statement that he has responded to or will respond to Defendant Kendrick's request for production of documents within fourteen days; or
   c. If Plaintiff no longer wishes to pursue this action, notice of voluntary dismissal.

///
///
///

4

**Plaintiff's failure to comply with this order may subject him to the Court's imposition of sanctions, including recommend dismissal of this action for failure to obey a court order and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **August 1, 2023**                         _____
                                                                        UNITED STATES MAGISTRATE JUDGE