UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS,<br><br>            Plaintiff,<br><br>    v.<br><br>DAHL, *et al.*,<br><br>            Defendants. | Case No. 1:20-cv-00852-JLT-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>(Docs. 59, 61)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Paul Adams is a parolee proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. Defendant E. Kendrick propounded a request for production of documents supporting Plaintiff's contention that he exhausted available administrative remedies before filing this civil action. (Doc. 57-2.) Plaintiff failed to respond to the request. Therefore, Defendants filed a motion to compel a response to their discovery request pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Doc. 57) (citing Fed. R. Civ. P. 26(b)(1)).

After Plaintiff failed to respond to the motion, the Court ordered Plaintiff to file one of the following: a response to Defendant's motion to compel; a notice of non-opposition and a statement that he has responded or will respond to the request for production of documents; or a notice of voluntary dismissal. (Doc. 59.) The Court granted Plaintiff fourteen days to comply and extended the following admonition: "**Plaintiff's failure to comply with this order may subject**

**him to the Court's imposition of sanctions, including recommending dismissal of this action for failure to obey a court order and failure to prosecute.**" (*Id.* at 5) (alteration in original). Plaintiff has failed to timely respond to the Court's order.

Thereafter, the Court entered an order to show cause, requiring Plaintiff to show "why this action should not be dismissed as a sanction for failing to respond to Defendants' request for production or motion to compel, to obey orders, or to comply with the Local Rules." (Doc. 61 at 2.) The Court again gave Plaintiff the alternative options of filing a notice of non-opposition and a statement that he has provided or will provide the documents requested; or a notice of voluntary dismissal. (*Id.* at 2–3.) Plaintiff was afforded fourteen days to respond. (*Id.* at 2.) The Court advised: "**If Plaintiff fails to respond to this Order, the outstanding request for production of documents, or a response to Defendants' motion to compel, the Court will recommend dismissal of this action as a discovery sanction and for Plaintiff's failure to obey court orders and the Local Rules.**" (*Id.* at 3.) Plaintiff has failed to timely respond to the show cause order.

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions when a party fails to obey a discovery order such as an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A). "[D]ismissing the action or proceeding in whole or in part" is one of the sanctions the Court may impose. Fed. R. Civ. P. 37(b)(2)(A)(v).

The Local Rules also authorize sanctions for a party's failure to respond to a motion or obey a court order. Under Local Rule 230(*l*), "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." L.R. 230(*l*).

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). A pro se plaintiff must comply with orders of the Court at the risk of imposition of sanctions. *See* L.R. 183. The district court's inherent power to control its docket also allows the court to impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R. 110.

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff has failed to participate in discovery, respond to Defendants' motion to compel, or obey court orders. Plaintiff's inaction has stalled this litigation, and thus, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* Here, Plaintiff's failure to participate in discovery despite repeated orders to do so is delaying this case and interfering with docket management. Therefore, the second factor also weighs in favor of dismissal.

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at

991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Plaintiff's failure to comply with court orders and to prosecute this case is causing a delay. The third factor also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further, unnecessary expenditure of its scarce resources. Given Plaintiff's incarceration and indigency, monetary sanctions are of little use. Moreover, at the stage of these proceedings, the preclusion of evidence or witnesses is not available. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). "A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. Here, the Court repeatedly has advised Plaintiff of the possible implications of his failure to prosecute. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of imposing the harshest possible sanction of dismissal with prejudice.

The fifth factor, the public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, because Plaintiff has disregarded the Court's orders, this factor does not weigh completely against dismissal.

After weighing these factors, the Court finds dismissal is appropriate. Additionally, Plaintiff appears to have abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff no longer wishes to prosecute.

Accordingly, it is hereby RECOMMENDED:

1. The Court DISMISS this action without prejudice as a discovery sanction and for failure to obey a court order and comply with the Local Rules; and

4

        2.     The Court direct the Clerk of Court to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 15, 2023**                      _____

                                                                       UNITED STATES MAGISTRATE JUDGE