**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL ADAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAHL, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00852 JLT CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION FOR FAILURE TO COMPLY WITH COURT ORDERS, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 62) |

Paul Adams is a parolee proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. Defendant Kendrick propounded a request for production of documents supporting Plaintiff's contention that he exhausted available administrative remedies. (Doc. 57-2.) After Plaintiff failed to respond to the discovery request, Defendants filed a motion to compel a response pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Doc. 57.)

The Court ordered Plaintiff to file a response to the motion to compel. (Doc. 59 at 4.) In the alternative, Plaintiff was informed he could file a notice of non-opposition—and respond to the request for production— or file a notice of voluntary dismissal. (*Id*.) The Court granted Plaintiff fourteen days to comply and warned: "Plaintiff's failure to comply with this order may subject him to the Court's imposition of sanctions, including recommending dismissal of this action for failure to obey a court order and failure to prosecute." (*Id.* at 5, emphasis omitted.) Plaintiff failed to respond to the Court's order.

On August 22, 2023, the Court entered an order to show cause, requiring Plaintiff to show "why this action should not be dismissed as a sanction for failing to respond to Defendants' request for production or motion to compel, to obey orders, or to comply with the Local Rules." (Doc. 61 at 2.) Plaintiff was granted fourteen days to respond and informed that if he failed to do so, the Court would "recommend dismissal of this action as a discovery sanction and for Plaintiff's failure to obey court orders and the Local Rules." (*Id.* at 3, emphasis omitted.) Again, Plaintiff failed to respond to the order.

On September 15, 2023, the magistrate judge found Plaintiff failed to respond to the propounded discovery, failed to comply with the Court's orders, and failed to comply with Local Rules 110 and 230. (Doc. 62 at 2-3.) The magistrate judge recommended the action be dismissed "without prejudice as a discovery sanction and for failure to obey a court order and comply with the Local Rules." (*Id.* at 4.) These Court served the Findings and Recommendations on Plaintiff and notified him that objections were due within fourteen days. (*Id.* at 5.) The Court also informed Plaintiff that the failure to file objections within the specified time may result in waiver of his rights on appeal." (*Id.* at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) Plaintiff has not filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case. After carefully reviewing the entire file, the Court finds the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 15, 2023 (Doc. 62) are **ADOPTED** in full.
2. The action is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to terminate pending motions and close this case.

IT IS SO ORDERED.

Dated: **October 5, 2023**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE